UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARKESHA D.,

        Plaintiff,

   v.                           Civil Action 2:21-cv-4515
                                  Judge Edmund A. Sargus, Jr.
                                  Magistrate Judge Chelsey M. Vascura

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, Markesha D. ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Supplemental Security Income benefits. This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 12), the Commissioner's Memorandum in Opposition (ECF No. 15), and the administrative record (ECF No. 7). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**.

## I.      BACKGROUND

Plaintiff filed an application for Supplemental Security Income Benefits on November 13, 2018, alleging that she had been disabled since January 1, 1998. (R. 170–73.) On September 17, 2020, following administrative denials of Plaintiff's application initially and on reconsideration, Administrative Law Judge Thomas L. Wang (the "ALJ") held a hearing, at which Plaintiff, represented by counsel, appeared and testified. (R. 41–58.) A vocational expert

("VE") also appeared and testified at the hearing. (*Id.*) On November 4, 2020, the ALJ issued a

decision denying benefits. (R. 20–33.) On July 15, 2021, the Appeals Council denied Plaintiff's

request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. 1–

3.) Plaintiff then timely commenced the instant action. (ECF No. 1.)

 Plaintiff sets forth two contentions of error: (1) the ALJ failed to properly evaluate

Plaintiff's fibromyalgia under Social Security Ruling 12-2p, and (2) the ALJ's determination that

Plaintiff can perform light work is not supported by substantial evidence. (Pl.'s Statement of

Errors 5–12, ECF No. 12.)

## II. THE ALJ'S DECISION

 The ALJ issued his decision on November 4, 2020, finding that Plaintiff was not disabled

within the meaning of the Social Security Act. (R. 20–33.) At step one of the sequential

evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 13, 2018, the application date. (*Id.* at 22.) At step two, the ALJ found that Plaintiff has the following severe impairments: osteoarthritis of the bilateral knees; fibromyalgia; migraines; arthritis; plantar fasciitis with heel spur; hyperglycemia; morbid obesity; major depressive disorder; and, anxiety disorder. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix. (R. 23–26.)

The ALJ then set forth Plaintiff's residual functional capacity ("RFC")[2] as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except push or pull is limited as per exertional weight limits. The

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

[2] A claimant's RFC is an assessment of "the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1).

> claimant can frequently balance, and can occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs, but can never climb ladders, ropes, or scaffolds. No exposure to extreme bright lighting like stage lights, bright inspection lights, and headlights, but normal office lighting is okay. The claimant can perform goal based production work measured by end result, not pace work. She can focus on one to four step tasks okay. Work is limited to simple routine tasks. Additionally, interaction with the public, co-workers, and supervisors is limited to the occasional level.

(R. 26.) At step four, relying on testimony from the VE, the ALJ found that Plaintiff had no past relevant work. (R. 32.) At step five, the ALJ determined that jobs exist in significant numbers in the national economy that Plaintiff can perform such as Tagger, Hand Packager, and Warehouse Checker. (*Id.*) The ALJ therefore concluded that Plaintiff has not been under a disability since November 13, 2018. (*Id.*)

### III.    STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV.     ANALYSIS

Plaintiff raises two issues in her Statement of Errors (ECF No. 12): (1) the ALJ failed to properly evaluate Plaintiff's fibromyalgia under Social Security Ruling 12-2p, and (2) the ALJ's determination that Plaintiff can perform light work is not supported by substantial evidence. (Pl.'s Statement of Errors 5–12, ECF No. 12.) The undersigned considers each contention of error in turn.

### A.     The ALJ did not err in considering Plaintiff's fibromyalgia.

Plaintiff contends that the ALJ erred in her consideration of Plaintiff's fibromyalgia pursuant to Social Security Ruling 12-2p, resulting in his failure to incorporate limitations related to Plaintiff's fibromyalgia into the RFC. (Pl.'s Statement of Errors 5–6, ECF No. 12.) Plaintiff also argues that the ALJ erred in finding Plaintiff's fibromyalgia did not medically equal a listing in 20 CFR Part 404, Subpart P, Appendix 1. The undersigned disagrees on both points.

Plaintiff offers the following argument in support of her challenge to the ALJ's consideration of her fibromyalgia:

> [T]he record is replete with evidence that satisfies the requirements of SSR 12-2p. Although, the ALJ determined that [Plaintiff's] fibromyalgia was a severe impairment, he failed to include accommodations in the residual functional

capacity determination for [Plaintiff's] chronic pain and to consider her resulting inability to perform substantial gainful activity on a sustained basis, without additional absences and time off task.

(Pl.'s Statement of Errors 6, ECF No. 12.)

Plaintiff's reliance on SSR 12-2p is misplaced. SSR 12-2p deals primarily with the ALJ's determination of whether fibromyalgia constitutes a "medically determinable impairment" at step two of the sequential evaluation process. Because the ALJ found Plaintiff's fibromyalgia to be a medically determinable impairment, SSR 12-2p requires only that the ALJ consider Plaintiff's fibromyalgia in the remaining steps of the sequential evaluation process. As the Sixth Circuit has explained:

> On July 25, 2012, the SSA released SSR 12-2p . . . , which "provides guidance on how we develop evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how we evaluate fibromyalgia in disability claims. . . ." [SSR 12-2p, at *1.] To that end, SSR 12-2p describes criteria for establishing that a person has a medically determinable impairment [ ] of fibromyalgia, *id*. at *2–3, the sources of evidence the ALJ may look to, *id*. at *3–4, and how a claimant's subjective assertions of pain and functional limitations are evaluated, *id*. at *4. [SSR 12-2p] also states that fibromyalgia should be analyzed under the traditional five-step evaluation process used for analyzing other claims for SSI. *Id*. at *5–6. Importantly, . . . SSR 12-2p . . . merely provides guidance on how to apply pre-existing rules when faced with a claimant asserting disability based on fibromyalgia.

*Luukkonen v. Comm'r of Soc. Sec.*, 653 F. App'x 393, 398–99 (6th Cir. 2016). The Sixth Circuit has further acknowledged that fibromyalgia is "elusive" in that "unlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs." *Rogers*, 486 F.3d at 243 (quoting *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 990 (N.D. Ohio 2003)). "Nonetheless, a *diagnosis* of fibromyalgia does not automatically entitle [a claimant] to disability benefits . . . ." *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008) (emphasis in original) (citing *Sarchet v. Chater*, 78 F.3d 305, 306–07 (7th Cir. 1996) ("Some people may have a severe case of fibromyalgia as to be totally disabled from working

6

. . . but most do not and the question is whether [claimant] is one of the minority.") (citations omitted)). Accordingly, in cases involving fibromyalgia, an ALJ must "decide . . . if the claimant's pain is so severe as to impose limitations rendering her disabled." *Swain*, 297 F. Supp. 2d at 990.

Here, the ALJ determined at step two of the sequential evaluation process that Plaintiff's fibromyalgia constituted a severe impairment. (R. 22.) In explaining how he arrived at Plaintiff's RFC, the ALJ acknowledged Plaintiff's history of fibromyalgia and reports of pain. (R. 27–28.) However, the ALJ also noted that Plaintiff had a number of exams that were essentially normal as to her pain, range of motion, gait, and strength, and that she responded well to physical therapy. (*Id.*, citing R. 289–90, 355, 366, 378, 383, 394, 578, 624, 626, 979, 1054, 1216, 1272, 1279.) The ALJ concluded that some physical RFC limitations were warranted:

> While the totality of the medical evidence does not entirely support the claimant's allegations [of severe physical impairments], the undersigned finds that these impairments do warrant some limitations. Specifically, the undersigned finds that the claimant can perform light work except push or pull is limited as per exertional weight limits. The claimant can frequently balance, and can occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs, but can never climb ladders, ropes, or scaffolds. No exposure to extreme bright lighting like stage lights, bright inspection lights, and headlights, but normal office lighting is okay. This is supported by the claimant's testimony that she can perform a variety of daily activities, and the records, which indicate that the claimant generally has manageable pain with normal to mild physical examinations.

(R. 28.) Plaintiff does not explain how the RFC's limitations are inadequate or propose specific additional limitations that result from her fibromyalgia. The undersigned therefore finds no error in the ALJ's consideration of Plaintiff's fibromyalgia. *Cf. Luukkonen*, 653 F. App'x at 399 (dismissing plaintiff's argument that the ALJ failed to properly apply SSR 12-2p because any resulting error would have been harmless where the ALJ considered plaintiff's fibromyalgia a severe impairment at step two).

Further, the undersigned finds no error in the ALJ's conclusion that Plaintiff's fibromyalgia does not medically equal a listing in the Listing of Impairments in 20 CFR Part 404, Subpart P, Appendix 1.  The ALJ indicated that he considered "all listings, including those in section 1.00, 11.00, and 12.00 of Appendix 1 and SSRs 12-2p, 19-2p, and 19-4p" in determining that Plaintiff's impairments do not meet or medically equal a listing. (R. 23.) However, Plaintiff contends this brief boilerplate sentence was insufficient to address whether her fibromyalgia medically equals a listing.

The relevant Social Security regulations require the ALJ to find a claimant disabled if he meets or medically equals a listing. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). But neither the listings nor the Sixth Circuit require the ALJ to "address every listing" or "to discuss listings that the applicant clearly does not meet." *Sheeks v. Comm'r of Soc. Sec.,* 544 F. App'x 639, 641 (6th Cir. 2013). The ALJ should discuss the relevant listing, however, where the record raises "a substantial question as to whether [the claimant] could qualify as disabled" under a listing. *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir.1990); *see also Sheeks*, 544 F. App'x at 641. The Sixth Circuit has held that "[a] claimant must do more than point to evidence on which the ALJ could have based his finding to raise a 'substantial question' as to whether he has satisfied a listing." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432–33 (6th Cir. 2014) (citing *Sheeks,* 544 F. App'x at 641–42 (finding claimant did not raise a substantial question as to satisfying the listing for intellectual disability where the ALJ's finding of borderline intellectual functioning simply left open the question of whether he meets a listing and where claimant pointed to only a few pieces of tenuous evidence addressing the listing)). "Rather, the claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing." *Id.* (citing *Sullivan,* 493 U.S.

at 530 ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of the criteria, no matter how severely, does not qualify.") and *Reynolds v. Comm'r of Soc. Sec.,* 424 F. App'x 411, 416 (6th Cir. 2011) (holding that it was not harmless error for the ALJ to fail to analyze Step Three as to an impairment found to be severe at Step Two where the claimant put forth evidence that could meet the relevant listing)). Absent such evidence, the ALJ does not commit reversible error by failing to evaluate a listing at Step Three. *Smith-Johnson*, 579 F. App'x at 433.

Plaintiff must therefore direct the Court to evidence in the record that raises "a substantial question" as to whether her fibromyalgia meets or equals a particular listing. As noted by Plaintiff, although there is no listing for fibromyalgia, SSR 12-2p uses Listing 14.09D (inflammatory arthritis) as an example listing that might be relevant for claimants with fibromyalgia. SSR 12-2p, 2012 WL 3104869, at *6. However, Plaintiff does not assert that her fibromyalgia medically equals Listing 14.09D; nor does she identify any other listing that her fibromyalgia allegedly equals. She states only that her "diagnoses of fibromyalgia; chronic fatigue; co-occurring conditions of depression and anxiety; headaches/migraines throughout her medical record; tender points throughout her body; abdominal pain, GERD; light and noise sensitivity; numbness, tingling, stiffness; poor motivation and low energy level" required further listing-related discussion by the ALJ. (Pl.'s Statement of Errors 8, ECF No. 12.)

Even if Plaintiff's fibromyalgia is evaluated in relation to Listing 14.09D, this listing requires:

> D. Repeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
>
> 1. Limitation of activities of daily living.
>
> 2. Limitation in maintaining social functioning.

      3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.09D. Although Plaintiff cites evidence of chronic fatigue, she has identified no evidence of fever, malaise, or involuntary weight loss. Nor has she directed the Court to evidence of marked limitations in activities of daily living, maintaining social functioning, or completing tasks in a timely manner. Accordingly, Plaintiff has not raised a substantial question as to whether her impairments meet or medically equal the criteria of Listing 14.09D, or any other Listing.

**B.** **The ALJ's conclusion that Plaintiff can perform light work is supported by substantial evidence.**

Plaintiff further contends that the ALJ's conclusion that Plaintiff can perform light work as defined by 20 C.F.R. § 416.967(b) is not supported by substantial evidence. (Pl.'s Statement of Errors 10–12, ECF No. 12.) The undersigned disagrees.

The determination of a claimant's RFC is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:09-cv-411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010). The Social Security Act and agency regulations require an ALJ to determine a claimant's RFC based on the evidence as a whole. 42 U.S.C. §§ 423(d)(5)(B), 1382c(a)(3)(H)(i) (incorporating § 423(d) for Title XVI). Consistently, Social Security Ruling 96-8p instructs that the ALJ's RFC assessment must be based on all of the relevant evidence in the case record, including factors such as medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, and evidence from attempts to work. SSR 96-8P, 1996 WL 374184 (July 2, 1996). An ALJ must explain how the evidence supports the limitations that he or she sets forth in the claimant's RFC:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (*i.e.*, 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

*Id.* at *7 (internal footnote omitted).

Here, the ALJ determined that Plaintiff could perform light work, which the Social Security regulations define as "involv[ing] lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). In arriving at his conclusion that Plaintiff can perform light work, the ALJ acknowledged Plaintiff's testimony and other reports regarding significant complaints of pain in her heels, ankles, knees, back, hands, neck and other symptoms due to osteoarthritis, sjogren's syndrome, heart problems. (R. 26–28.) But the ALJ also noted "the evidence of record does not support the claimant's subjective complaints":

> The claimant repeatedly exhibits normal, and at times, mild, physical and mental status examinations. Physically, the claimant is repeatedly noted to have a normal gait, normal range of motion, and normal strength, even during periods where she has reported increased pain. Further, no more than conservative treatment is noted.

(R. 30; *see also* R. 27–28, noting that Plaintiff had a number of exams that were essentially normal as to her pain, range of motion, gait, and strength, and that she responded well to physical therapy and citing R. 289–90, 355, 366, 378, 383, 394, 578, 624, 626, 979, 1054, 1216, 1272, 1279.) The ALJ further noted that his RFC is supported by

the claimant's testimony that she can perform a variety of daily activities [such as getting her kids ready for school, going to doctor's appointments, and helping her children with homework], and the records, which indicate that the claimant generally has manageable pain with normal to mild physical examinations.

(R. 28.)

Finally, the ALJ's RFC is also supported by the opinions of the state agency reviewers at the initial and reconsideration level, who both opined that Plaintiff was capable of light work. (R. 30, citing R. 73, 89–90.) The opinions of state agency reviewers constitute substantial evidence on which the ALJ may rely to craft the RFC. *See Hefflin o.b.o. LDS v. Kijakazi*, No. 1:20-cv-1414, 2021 WL 4477785, at *6 (N.D. Ohio Sept. 30, 2021) (collecting cases for the proposition that "State Agency opinions may constitute substantial evidence supporting an ALJ's decision"); *see also* 20 C.F.R. § 404.1513a(b) (ALJs are required to consider findings by state agency medical consultants). The ALJ's conclusion that Plaintiff could perform light work was therefore supported by substantial evidence. And "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

Plaintiff's arguments to the contrary are unavailing. Plaintiff did not offer any opinions by medical or other sources to support her subjective complaints of pain or to establish any vocationally relevant limitations in her physical functioning. And although Plaintiff cites her own self-reports and medical records documenting chronic back pain, degenerative disc disease, osteoarthritis, radiculopathy, and edema (Pl.'s Statement of Errors 11–12, ECF No. 12), "[t]he mere diagnosis . . ., of course, says nothing about the severity of the condition." *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988). Moreover, "an ALJ is not required to accept a claimant's subjective complaints." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir.

2003). The undersigned therefore finds no error in the ALJ's conclusion that Plaintiff can perform light work.

## V.    DISPOSITION

In sum, from a review of the record as a whole, the Court concludes that substantial evidence supports the ALJ's decision denying benefits. For the foregoing reasons, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## VI.    PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

13